

**ORDERED in the Southern District of Florida on August 04, 2010.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                                CASE NO. 06-12099-BKC-AJC

MARIA A. GONZALEZ,

    Debtor.
_____/

### ORDER SUSTAINING OBJECTION TO AMENDED CLAIM 3-2

THIS CAUSE came before the Court for hearing on July 19, 2010 upon the Debtor's Objection to Claim of America's Servicing Company as Servicer for US Bank National Association (Claim 3-2) (CP 99) filed January 28, 2010. The Court has heard the proffers, representations and argument of counsel, and based thereon, sustains the Objection.

This case began with the filing of a voluntary petition under Chapter 13 of the Bankruptcy Code on May 23, 2006. A §341 First Meeting of Creditors was scheduled for July 21, 2006 and October 19, 2006 was the date set as the last day to file claims in this case. Confirmation was originally set for August 31, 2006.

On June 14, 2006, America's Servicing Company ("Creditor") filed a Proof of Claim (Claim 3-1). The Claim is filed as a secured claim in the total amount of $145,242.27, of which $7,841.98 is for arrearages and other charges "at time case filed".

The record indicates the meeting of creditors was continued to September 21, 2006 and the confirmation hearing was continued to September 19, 2006. The confirmation hearing was thereafter continued another eleven (11) times, practically every month following, until finally Debtor's Seventh Amended Chapter 13 Plan was confirmed by order dated November 13, 2007.

Then, after seventeen (17) months of payments under the confirmed plan, the Creditor files an amended claim, Claim 3-2, on March 21, 2009 in the total amount of $147,142.27. This amended claim increases the amount of the arrearage by $1,900.00, which amount represents a "Total Arrearage as of 5/23/06" plus "Post Petition Amounts" consisting of pre-confirmation fees "as of 6/12/06".

The Debtor objected to this additional amount asserting she does not owe it. The Creditor filed a rudimentary response to the objection, but set forth no explanation as to its entitlement to the additional amount. At the hearing, the Debtor argued that the confirmed plan is *res judicata* with respect to the amended claim and that laches should apply.

At the conclusion of the proceeding, the Court requested the parties submit proposed orders or memorandum decisions in support of their respective positions. Debtor submitted a proposed order relying on the doctrine of *res judicata*. Creditor submitted nothing.

The Court has considered the record and determines that the Creditor's claim of an additional $1,900.00 in arrearages is barred by *res judicata*. As the Honorable John Olson stated so succinctly in *In re New River Shipyard, Inc.*, 355 BR 894, 912 (Bankr. S.D.Fla. 2006):

> A creditor's treatment under a confirmed plan of reorganization creates a contractual relationship between the debtor and the creditor. The creditor's pre-confirmation claim is subsumed in and replaced by the new contract created by the confirmed plan; "each claimant gets a 'new' claim, based on whatever treatment is accorded to it in the plan itself." [*Holstein v. Brill*, 987 F.2d 1268 (7th Cir.1993)] at 1270; *In re Benjamin Coal Co.*, 978 F.2d 823, 827 (3rd Cir.1992). The initial claim filed by the creditor during the pendency of the case is dead, replaced by the new contractual obligation created by the creditor's treatment under the confirmed plan.
>
> The doctrine of *res judicata* in bankruptcy proceedings "not only bars a court from relitigating issues that have been litigated in a cause but also bars a court from litigating issues that may have been litigated." *In re Westbrook*, 246 B.R. 412, 416 (Bankr. S.D.Ala.1999). MSM had every opportunity to amend its claim and litigate its entitlement to the new consequential damages it seeks at or before the confirmation hearing. *In re Justice Oaks II, Ltd.*, 898 F.2d 1544 (11th Cir.1990). It did not do so, and its attempt to amend its claim two months after confirmation is barred by *res judicata.* Pursuant to MSM's release of the $802,000 property damage claim, MSM's maximum claim is limited by the *res judicata* effect of the confirmation order to $185,144, the balance of its original claim.

Like the creditor in *New River Shipyard*, Creditor herein had ample opportunity to amend its claim and litigate its entitlement of the pre-filing foreclosure fees and other costs it seeks in its amended claim. It had plenty of chances to amend either at or before confirmation of the Seventh Amended Chapter 13 Plan, which was confirmed over a year after the filing of the bankruptcy case, or even some reasonable period of time after confirmation, if warranted. It did not do so. Creditor waited more than sixteen (16) months after confirmation, and nearly three (3) years after the case was filed, to amend its claim to add charges that are three years old. This Court finds no good cause to allow such amendment at this late date. The Court believes Creditor is barred from amending its Claim post-confirmation under principles of waiver, estoppel, and *res judicata,* and the Court therefore disallows Creditor's amended claim. Only the initial Claim, Claim 3-1, in the amount of $145,242.27 is allowed. Accordingly, it is

ORDERED AND ADJUDGED that Debtor's Objection to Claim of America's Servicing Company as Servicer for US Bank National Association (Claim 3-2) (CP 99) is SUSTAINED and Creditor's Amended Claim 3-2 is DISALLOWED.

###

Copies furnished to:

Joshua Miller, Esq.

Attorney Miller is directed to immediately serve a conformed copy of this order upon all interested parties and shall file a certificate of service of same with the Court.